UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-13537-RGS

ANGELA BOLTON, et al.

v.

DEPARTMENT OF CHILDREN AND FAMILIES, et al.

ORDER

August 4, 2026

STEARNS, D.J.

In this action, Angela Bolton and her mother Anne Parent, who are representing themselves, assert claims arising from the November 29, 2022 removal of Bolton's minor child, JF, from his mother by certain employees of the Commonwealth's Department of Children and Families ("DCF"). Upon order of the court, on June 17, 2026, Bolton and Parent filed a Second Amended Complaint. Dkt #11. On review of this pleading pursuant to 28 U.S.C. § 1915(e)(2), the court will dismiss Anne Parent as a plaintiff, dismiss some defendants, and order that summonses issue for the remaining defendants.

## I.    Dismissal of Parties

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To "show that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the well-pleaded allegations must "sustain recovery under some actionable legal

2

theory." *N.R. by & through S.R. v. Raytheon Co.*, 24 F.4th 740, 746 (1st Cir. 2022) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)).

Applying this standard, the court dismisses Anne Parent, Darlene Tonucci, Rosalie Kern, Allison Pessoa, and Christine Doherty as parties to this action.

### A.    Anne Parent

Anne Parent, the maternal grandmother of JF, is DISMISSED as a plaintiff in this action for failure to state a claim upon which relief may be granted.  Parent's claims arise from JF's "kinship foster placement" with Parent. While the court credits the allegations of distress Parent experienced as a result of the allegedly "coercive," foster placement, the non-conclusory factual allegations concerning the foster placement, SAC ¶¶ 31-34, 112-117, do plausibly plead that the defendants violated Parent's rights under federal or state law.

### B.    Darlene Tonucci and Rosalie Kern

Bolton's only factual allegation against these two defendants, who are employed by DCF is that, "[d]espite reviewing the administrative record and evidence presented during the fair hearing process, [they] upheld the supported finding [of negligence] against Plaintiff on November 28, 2022."

*Id.* ¶ 47.  Bolton alleges that this finding "was subsequently vacated by the Bristol Superior Court."  *Id.*

Because, under the alleged facts, the role of Tonucci and Kern was functionally comparable to that of a judge, they have quasi-judicial immunity for their conduct.  *See Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 662-63 (stating that the doctrine of quasi-judicial immunity "provides absolute immunity for public officials, including agency officials, who perform quasi-judicial functions," and concluding that members of state licensing board had quasi-judicial immunity from claims for damages against board members who had imposed professional discipline action against the plaintiff); *see also Sinapi v. Rhode Island Bd. of Bar Examiners*,  910 F.3d 544, 554-55 (1st Cir. 2018) (members of state Board of Bar examiners had quasi-judicial immunity from damages claims arising from their denial of certain accommodations requested by a person taking the bar exam).  Thus, Bolton has failed to state a claim upon which relief may be granted against these two defendants.

## C.   Allison Pessoa

Bolton alleges that on the night of November 28, 2022, DCF employee Kristie Giancola attempted to remove JF from Bolton's custody on an emergency basis, but that Bolton prevented the removal by contacting the

4

State Police (who in turn contacted local police). *See* SAC ¶¶ 72-79. Bolton's only factual allegations against DCF employee Allison Pessoa are that she "knew police refused to assist" in that removal attempt, "knew emergency workers couldn't proceed, knew no emergency action could lawfully occur that night, and participated in a consultation about waiting until the next day." *Id.* ¶ 48.

In Count V of the Second Amended Complaint, Bolton seeks to hold Pessoa and other defendants liable under 42 U.S.C. § 1983 for conspiring to deprive Bolton of her constitutional rights. *Id.* ¶¶ 143-148. Bolton alleges that "each defendant" named in Count V "acted in concert for the shared purpose of keeping JF in state custody without lawful justification." *Id.* ¶ 147. However, the court cannot draw a reasonable inference from the limited non-conclusory allegations against Pessoa that she is liable in any way to Bolton.

### D.    Christine Doherty

Christine Doherty was the court-appointed attorney for JF. *Id.* ¶ 53. Bolton claims that Doherty "failed to advocate for [JF]'s rights, refused to request necessary services, and aided DCF by allowing unconstitutional restrictions and delays to continue." *Id.* ¶ 54; *see also id.* ¶ 104. Bolton seeks to hold Doherty liable under 42 U.S.C. § 1983 for the same conspiracy in

which Pessoa and others allegedly participated. *Id.* ¶ 146. Bolton also brings state law claims against Doherty.

To state a claim under § 1983 claim, a plaintiff must allege that the defendant acted under color of state law to deprive the plaintiff of a federally protected right. *See* 42 U.S.C. § 1983. Here, Bolton has not alleged facts from which the court may draw a reasonable inference that Doherty was acting under color of state law. Although private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state, *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982), an attorney does not act under color of state law simply because she was appointed by the court. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a court-appointed attorney "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" does not act under color of state law); *Secress v. Ullman*, 147 F. App'x 636, 637 (9th Cir. (finding that district court properly dismissed plaintiff's § 1983 claim against court-appointed attorney who represented plaintiff's minor child because the attorney was not a "state actor"). And, although private conduct may be attributable to the state when a private party conspires with a state actor, *see e.g.*, *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970), Bolton has not

plausibly pled that Doherty conspired with DCF employees to deprive Bolton of her federal rights.

Finally, with regard to the Bolton's state law claims against Doherty, Bolton has not plausibly pled any claim that would fall outside the protection of the litigation privilege. *See Bassichis v. Flores*, 490 Mass. 143, 149-53 (2022).

## II.    Order

In accordance with the foregoing, the court hereby orders:

1.    Anne Parent, Darlene Tonucci, Rosalie Kern, Allison Pessoa, and Christine Doherty are DISMISSED as parties to this action for the reasons stated above.

2.    Plaintiff JF is DISMISSED as a party to this action because he is not identified as a plaintiff in the Second Amended Complaint.

3.    The Clerk shall issue a summons for each of the remaining defendants:    Linda Spears, Kristie Giancola, Paulina Bazile, Melissa Davidson, Mary Cantin, Joseph Rucker, and David Tibbetts.

4.    Bolton shall serve a summons, Second Amended Complaint, and this Order upon each of the remaining defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5.      "Any person who is at least 18 years old and not a party may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2).  In addition, because Bolton is proceeding *in forma pauperis*, she may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  *See* Fed. R. Civ. P. 4(c)(3).  If so asked by Bolton, the USMS shall serve a summons, Second Amended Complaint, and this Order upon each of the remaining defendants as directed by Bolton. Bolton is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.  The clerk shall provide Bolton with forms and instructions for service by the USMS.

6.      Bolton must complete service within 90 days from the date of the issuance of the summonses.  Failure to comply with this deadline may result in dismissal of this action without further notice to Bolton.  *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**SO ORDERED.**

/s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE

8